**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GERALD BULLOCKS, | Case No. 1:18-cv-23 |
| Plaintiff, | |
| | Dlott, J. |
| vs | Bowman, M.J. |
| AARON MUMMERT, *et al.,* | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), filed a pro se civil rights complaint against defendants Aaron Mummert and Linnea Mahlman. This matter is now before the Court on the parties' cross motions for summary judgment.

**I. Background and Facts**

In the complaint, Plaintiff alleges that on or about February 12, 2017, he filed an informal complaint resolution because he had been denied recreation on several occasions. In the informal complaint, Plaintiff complains that certain inmates are not getting basketballs during recreation, that his block has outside recreation more than inside recreation, and that he was "refused" recreation "at least 5 times in the past 2 weeks." (Doc. 17, Ex. D).

On February 14, 2017, in response to Plaintiff's complaint, Defendant found: "After pulling documentation, I have seen where your block has gone on a consistent basis. Your block has been rotated as all other blocks with inside/outside rec every other day." (Doc. 17 at Ex. D).

1

Thereafter, that same day, Defendant issued Plaintiff a conduct report. The report states that "[Plaintiff] made accusations that his housing block J3 is being denied recreation on a consistent basis. After pulling over a month of recreation documentation the inmate has lied about being denied recreation as well as not getting to go to inside recreation these accusations have been proven to be false." *Id.* The conduct report charged Plaintiff with a violation of Rule 27.

An institutional hearing was held to resolve the conduct report. (Doc. 17, Ex. E). The hearing report found that "[s]egregation sheets and DVR video show this inmate coming and going from recreation. [Plaintiff] is using the ICR system to harass and intimidate staff by using falsehoods as a lie and threat." *Id.* The Hearing Officer found Plaintiff guilty of a Rule 27 violation, giving false information or lying to departmental employees. *Id.* As a result, Plaintiff was "placed on a recreation restriction from 02/15/2017 through 03/07/2017." *Id.* at Ex. G.

On March 6, 2017, Plaintiff filed another grievance asserting that he was given a conduct report in retaliation for filing his prior grievance complaining about his lack of recreation. (Doc. 17, Ex. G). Plaintiff's grievance was denied because the conduct report was not greivable since a separate appeal process was available. *Id.* Plaintiff then filed an appeal to the Chief Inspector. *Id.* at Ex. H.

Upon review, the Chief Inspector determined that there was not an investigation into Plaintiff's claim of retaliation and whether the conduct report was issued as a result of utilizing the grievance process in violation of AR 5120-9-31(F). Such provision states, in relevant part:

> An inmate may be subject to disciplinary action for disrespectful threatening or otherwise inappropriate comments made in an informal complaint,

> grievance, or grievance appeal. Only the **inspector of institutional services**, with the approval of the chief inspector or designee, may initiate disciplinary action based upon the contents of an informal complaint, grievance or grievance appeal.

Doc. 17, Ex. B.2) (*emphasis added*).

Defendant Mummert, the recreation supervisor, was not authorized to issue a conduct report. Accordingly, the decision of the Inspector was reversed. *Id.* The conduct report was overturned and removed from Plaintiff's institutional disciplinary history.

Thereafter, Plaintiff filed the instant action asserting that Defendant Mummert retaliated against him in violation of his constitutional rights under the First Amendment. Plaintiff's complaint further asserted that Defendant Mahlman failed in her duty to investigate the claims of retaliation. Upon sua sponte review of the complaint pursuant to the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b), Plaintiff's complaint was dismissed with prejudice with the exception of Plaintiff's First Amendment retaliation claim against defendant Mummert. (Doc. 7).

Now before the Court are the parties' cross motions for summary judgment. (Docs. 17, 23). Upon careful review, the undersigned finds that Defendant Mummert is entitled to judgment as a matter of law.

**II. Analysis**

*A. Standard of Review*

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden of production, the nonmoving party cannot rest on the pleadings, but must present significant probative evidence in support of his case to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248-49. The mere scintilla of evidence to support the nonmoving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id.* at 252.

As Plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, his status as a pro se litigant does not alter his burden of supporting his factual assertions with admissible evidence when faced with a summary judgment motion. *Maston v. Montgomery Cnty. Jail Med. Staff Personnel*, 832 F. Supp. 2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App's 482, 485 (6th Cir. 2010)).

*B. First Amendment Retaliation Claim*

As noted above, Plaintiff alleges that Defendant violated his First Amendment right to be free from retaliation when Defendant issued Plaintiff a conduct report after Plaintiff filed an informal complaint relating to reduced recreation time. Defendants contend that

4

they are entitled to judgment as a matter of law because their actions do not constitute retaliation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

With respect to the first prong of this analysis, Defendants contend that Plaintiff's claim cannot proceed beyond the first step of the retaliation analysis because he does not possess a constitutional right to lie or give false information to departmental employees. However, is undisputed that Plaintiff has a constitutional right to file a prison grievance or a civil lawsuit without fear of retaliation. *See Smith v. Campbell*, 240 F.3d 1032, 1037 (6th Cir. 2001); *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002).

Turning to the second prong of the retaliation analysis, Defendant contends that the conduct report and coinciding punishment are not sufficient to deter a person of ordinary firmness. This conduct report was not a major misconduct report that could result in loss of disciplinary credits. *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007). Additionally, it was later repealed and removed from his disciplinary record. (Doc. 17, Exs. B.2, H).

When deciding whether the issuance of a disciplinary charge rises to the level of an adverse action, the Sixth Circuit instructs trial courts to "look to both the punishment [the plaintiff] could have faced and the punishment he ultimately did face." *Maben v.*

5

*Thelen*, 887 F.3d 252, 266 (6th Cir. 2018), *reh'g denied* (Apr. 19, 2018) (citing *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004)). The filing of a disciplinary charge ordinarily will demonstrate a sufficiently adverse action to deter "a person of ordinary firmness" from protected activity unless the potential punishment is "de minimis" or "inconsequential." *Id.*, at 267. The record here reflects that Plaintiff was denied recreation for 14 days and the conduct report was ultimately removed from his disciplinary record. Defendant contends that this punishment was "de minimis" and "prisoners are expected to endure more than the average citizen." *Siggers–El*, 412 F.3d at 701. As such, Defendant argues a short period of time without recreation is unlikely to deter an average citizen, let alone a prisoner who is expected to endure more. See *Gonzales v. Currie, supra,* 2014 WL 222353 at * 14 (rejecting a retaliation claim where the punishment imposed was a verbal reprimand and the loss of five days of recreation).

The undersigned finds that loss of recreation could be seen as a de minimus punishment, and as such Plaintiff has failed to establish the existence of an adverse action. *See also Morris v. Powell, supra,* 449 F.3d at 685 (noting that the imposition of a "minor sanction" is not sufficient to support a retaliation claim). However, assuming arguendo, that Plaintiff's loss of recreation for 14 days was an adverse action, the third prong will be examined.

The third and last prong of the First Amendment retaliation claim is causation. In this regard, Defendant Mummert challenges Plaintiff's ability to produce evidence of a "causal connection" between the first two elements of his retaliation claim. Under the third element, "the subjective motivation of the defendants is at issue." *Id.* at 399. "The analysis of motive in retaliation claims is well-developed" - "[o]nce the plaintiff has met his burden

of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant." *Id.* (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.* A defendant must make this showing by a preponderance of the evidence. *King v. Zamiara*, 680 F.3d 686, 709 (6th Cir. 2012). *Maben,* 887 F.3d at 262 (additional internal citations omitted). Thus, a plaintiff must show both (1) that the adverse action was proximately caused by an individual defendant's acts, *Siggers–El v. Barlow,* 412 F.3d 693, 702 (6th Cir. 2005), but also (2) that the individual taking those acts was "motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Thaddeus–X,* 175 F.3d at 386.

Here, Defendant argues that although Plaintiff contends that the conduct report was written because he filed a grievance, the language of the conduct report directly contradicts his assertion. The conduct report states: "After pulling over a month of recreation documentation the inmate has lied about being denied recreation as well as not getting to go to inside recreation, these accusations have been proven to be false." (Doc. 17, Ex. E). As previously stated, Rule 27 prohibits inmates from giving false information or lying to departmental employees. Ohio Admin. Code 5120-9-06(C)(27). A conduct report may be written against an inmate that violates this rule, even if they do so in an informal complaint. Ohio Admin. Code 5120-9-31(G). Accordingly, Defendant argues that his action was not taken because Plaintiff submitted an informal complaint; rather, the issuance of the conduct report was because Plaintiff lied in his informal complaint, which is a rule violation. *Id.* The undersigned agrees and finds that the conduct

7

report was not motivated by the filing of Plaintiff's grievance, it was motivated by the false information contained therein. As such, Defendant is entitled to judgment as a matter of law with respect to Plaintiff's retaliation claim.

*C. Qualified Immunity*

In the alternative, assuming Plaintiff has met his burden of establishing a First Amendment retaliation claim, which he has not, Defendant Mummert is entitled to qualified immunity. The purpose of qualified immunity is to provide governmental officials with the ability "reasonably [to] anticipate when their conduct may give rise to liability for damages." *Davis v. Scherer*, 468 U.S. 183, 195, 104 S.Ct. 3012 (1984). Thus, a governmental official performing discretionary functions will be entitled to qualified immunity unless his actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). A governmental official is entitled to immunity if the facts alleged do not make out a violation of a constitutional right, or if the alleged constitutional right was not clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808 (2009). Once a defendant has raised the defense of qualified immunity, the plaintiff bears the burden of proof to show that the defendant is not entitled to that defense. See *Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005).

Here, as noted above, Plaintiff has failed to establish a violation of his constitutional rights. Furthermore, the actions taken by Defendant Mummert would not constitute a violation of a "clearly established" right for the purposes of qualified immunity because a reasonable officer would have believed Defendant Mummert actions in issuing a conduct

report for lying would be a legitimate reason for such conduct report. Furthermore, courts have found that writing conduct reports, or ones based on mistaken beliefs, alone, does not violate inmate's constitutional rights for purposes of qualified immunity. *See e.g., Lindell v. O'Donnell*, 2005 U.S. Dist. LEXIS 24767, *87-88 (W.D. Wis. 2005) (holding qualified immunity applied to retaliation claims involving an officer who wrote a conduct report in response to an inmates threat to sue); *Spencer v. Wilson*, 2012 U.S. Dist. LEXIS 79832, at *6 (E.D. Ky. June 8, 2012) ("[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."); *Freeman v. Rideout*, 808 F.2d 949, 952-53 (2nd Cir. 1986) ("the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges."); *see also Lee v. Pauldine*, 2013 U.S. Dist. LEXIS 1497, *21 (S.D. Ohio 2013) (citing to both Spencer and Freeman).

As such, even if Plaintiff had a shown a constitutional violation, the undersigned finds that Defendant would be immune from Plaintiff's claim against him and would therefore entitled to judgment as a matter of law.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment (Doc. 17) should be **DENIED**; Defendant's motion for summary judgment (Doc. 23) should be **GRANTED**; and this matter **TERMIANTED** from the active docket of the Court.

   *s/*Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GERALD BULLOCKS,                              Case No. 1:18-cv-23

    Plaintiff,

                                          Dlott, J.
    vs                                     Bowman, M.J.

AARON MUMMERT, *et al.,*

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).